```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

COOPER/T.SMITH STEVEDORING CO., §
INC. and THE AMERICAN EQUITY    §
UNDERWRITERS INC. on behalf     §
of AMERICAN LONGSHORE MUTUAL    §
ASSOCIATION,                    §
                                §
    Plaintiffs,              §
                                §
v.                              §   CIVIL ACTION NO. H-07-2698
                                §
THE M/V ALBERTA, ITS ENGINES,   §
TACKLE, APPAREL, EQUIPMENT,     §
FURNITURE, ACCESSORIES,         §
APPURTENANCES, ETC., in rem,    §
SAMOS SHIPPING CO LTD., in      §
personam, and XYZ INSURANCE COS.,§
                                §
    Defendants.              §

                      Consolidated with

MELINDA LUERA                   §
                                §
v.                              §   CIVIL ACTION NO. H-07-2541
                                §
SAMOS SHIPPING CO., LTD. and    §
REESE DEVELOPMENT, INC.         §

                      Consolidated with

MELINDA LUERA                   §
                                §
v.                              §
                                §   CIVIL ACTION NO. H-07-3707
THE M/V VOC ROSE, ITS ENGINES,  §
TACKLE, APPAREL, EQUIPMENT,     §
FURNITURE, ACCESSORIES,         §
APPURTENANCES, ETC., in rem     §

<u>MEMORANDUM AND ORDER</u>

      Pending is Defendant Reese Development Inc.'s Motion to Realign the Parties and Unify the Pleadings (Document No. 80).

After carefully considering the motion, responses, replies, and the applicable law, the Court concludes for the reasons that follow that the motion should be granted as set forth herein.

I.   Background

Plaintiff Melinda Luera, a cargo checker who worked for Cooper/T. Smith Stevedoring Company ("Cooper/T.Smith") sustained injuries on December 26, 2006, while working aboard the M/V Voc Rose.  (Document No. 80 at 3).  The injuries occurred when the M/V Alberta allegedly passed the M/V Voc Rose at an excessive speed, causing an excessive draft which stressed the M/V Voc Rose's mooring lines.  Id. at 2.  One mooring line affixed to the M/V Voc Rose parted and struck Plaintiff, knocking her onto the dock, resulting in her injuries.  Id.  The M/V Voc Rose is owned by Reese Development, Inc. (Reese Development) and managed by J.P. Samartzis Marine Enterprises Co. S.A. ("J.P. Samartzis").  Id.  The M/V Alberta is owned by White Dolphin Enterprises, Inc. ("White Dolphin") and managed by Samos Shipping Co., Ltd. ("Samos Shipping").  Id.

Within a day or two, Plaintiff's attorneys threatened to seize the M/V Voc Rose unless a Letter of Undertaking was provided to Plaintiff in the amount of $2.5 million.  The demanded Letter of Undertaking was issued on December 29, 2006, on behalf of the M/V Voc Rose, providing Plaintiff and Cooper/T.Smith rights that were "precisely the same as they would have been had the M/V Voc Rose

2

been arrested . . ., taken into custody . . ., and released upon the filing of a release bond in the foregoing amount . . . ." (Document No. 80, ex. C at 2).

Also on December 29, 2006, Plaintiff and her employer Cooper/T.Smith and its compensation carrier, American Equity Underwriters Inc., took action in the lead suit in the case at bar, which Cooper/T.Smith and its compensation carrier filed that day against the M/V Alberta, *in rem*, and its supposed owner or manager, Samos Shipping, asserting negligence claims and demanding seizure of the M/V Alberta.  Plaintiff promptly filed her Motion for Leave to File her Complaint in Intervention in which motion she claimed "her separate right to recover damages and need for security by arrest of the vessel M/V Alberta."  (Document No. 8).  The vessel was arrested, and at a mid-afternoon hearing on December 29, at which all parties, including Plaintiff Luera, were represented by their respective counsel, the Court (1) denied the Defendant's oral motion to vacate pursuant to Admiralty Rule E(4)(f), (2) granted Plaintiff Luera's motion to intervene, and (3) set security for release of the M/V Alberta at $2.5 million.[1]

---

[1] Plaintiff Luera that day was represented in this *in rem* suit by Brown Sims, P.C., the same law firm that a day or two earlier evidently represented Luera's employer Cooper/T.Smith in demanding a Letter of Undertaking under threat of seizing the M/V Voc Rose. Dennis L. Brown also represented Luera in Houston when demand was made against the M/V Voc Rose.  To be sure, Luera was amply represented and within three days after she was injured, by threatening the use of and by the actual use of the Supplemental Rules for Admiralty, she had amassed security of $5 million in

More than a half-year later, Plaintiff filed the second suit listed in the caption of this consolidated action, asserting that (1) Defendants Samos Shipping Co., Ltd. and Reese Development, Inc. were both negligent, (2) jurisdiction was based on diversity, and (3) she was entitled to a jury trial. After another three months, Plaintiff filed the third suit listed in the caption of this consolidated action, this one against the M/V Voc Rose, *in rem*, pursuant to the terms of the Letter of Undertaking, asserting a negligence claim. Id.

Plaintiff later moved without opposition to consolidate all three of her actions, (Document No. 33), which motion was granted. Reese Development's present motion requests a realignment of the parties and to confirm that this consolidated action is before the Court sitting in admiralty. Plaintiff objects that the motion is intended to prevent her from having a jury trial and, indeed, that question seems to permeate the opposing briefs.

## II. Discussion

Defendant Reese Development contends that the pleadings of the three cases now consolidated should be unified under the Court's admiralty jurisdiction because, *inter alia*, (1) "all cases arise out of the same underlying incident"; (2) all claims of Plaintiff

---

Letters of Undertaking and/or bonds as a condition for releasing two vessels.

"could have been (and should have been) filed in the first filed action"; (3) Plaintiff has "availed herself of benefits that are available only in admiralty such that she should not now be allowed to attempt to recast her claims as based on diversity jurisdiction in her attempt to have a jury trial too."  Document No. 80 at 2.  Plaintiff responds that by bringing a separate suit against the vessel owners *in personam*, she has "procedurally separat[ed] her claims," thus "preserv[ing] her jury trial right against the diverse, *in personam* defendants named in her First Amended Original Complaint."  Document No. 87 at 7.  In addition, Plaintiff asserts that "[u]nder the rule of Fitzgerald . . . [her] right to jury trial extends to the *in rem* vessel defendants as well."  Document No. 87 at 4 (referring to Fitzgerald v. U.S. Lines Co., 83 S. Ct. 1646 (1963)).

Federal courts may have multiple jurisdictional bases for hearing a maritime claim.  A plaintiff whose claim falls within admiralty jurisdiction and another federal base of jurisdiction--diversity, federal question, or other--may elect to bring the suit under admiralty or "at law."  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1313 (3d ed. 2004).  The election to proceed in admiralty or "at law" is made according to Rule 9(h), which provides:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may

5

> designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

FED. R. CIV. P. 9(h).

This election has important consequences. If a plaintiff brings only a claim "at law," then the plaintiff is generally entitled to a jury trial according to the "savings to suitors clause," section 9 of the Judiciary Act of 1789, now codified at 28 U.S.C. § 1333(1). Durden v. Exxon Corp., 803 F.2d 845, 849 n.10 (5th Cir. 1986) (Wisdom, J.) (citing GRANT GILMORE, JR. & CHARLES L. BLACK, THE LAW OF ADMIRALTY 37 (2d. ed. 1975)). If, instead, the plaintiff elects to bring the claim in admiralty, then "there is no right to jury trial except as provided by statute."[2] FED. R. CIV. P. 9 advisory committee's note; see also FED R. CIV. P. 38(e) ("These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."). Where a plaintiff, however, asserts (1) a claim in admiralty, and

---

[2] Congress has provided a statutory right to jury trial for Jones Act claims. Fitzgerald v. U.S. Lines Co., 83 S. Ct. at 1650; Rachal v. Ingram Corp., 795 F.2d 1210, 1213 (5th Cir. 1986); Keene v. Bouchard Transp. Co., 9 F. Supp. 2d 764, 765 (S.D. Tex. 1998); Woolsey v. Mike Hooks. Inc., 603 F. Supp. 1190 (W.D. La 1985). If the Plaintiff brings a claim in admiralty and joins a related claim under the Jones Act, then the plaintiff is entitled to a jury trial on those related claims, "simply by virtue of the presence of the Jones Act claim." Keene, 9 F. Supp. 2d at 765.

(2) a claim at common law based on diversity (rather than a statutory cause of action expressly conferring the right to jury trial), then the plaintiff is said to have elected to proceed in admiralty without a jury.  *See* Durden, 803 F.2d at 849-50; Gilmore v. Waterman S.S. Corp., 790 F.2d 1244, 1246 (5th Cir. 1986); Truehart v. Blandon, 685 F. Supp. 956, 959-60 (E.D. La. 1988).

Actions against a vessel *in rem* fall exclusively within a federal court's admiralty jurisdiction.  T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585, 587 (5th Cir. 1983) (per curiam).  Thus, a plaintiff who asserts a claim against a vessel *in rem* and a claim against the vessel's owner *in personam* based on diversity jurisdiction is said to have elected to pursue the claims in admiralty.  Durden, 803 F.2d at 850; Truehart, 685 F. Supp. at 959-60.

In Durden, the plaintiff, a tugboat pilot, alleged he was injured from the near allision of his tugboat with another tugboat and moored barges.  Durden, 803 F.2d at 846-47.  The plaintiff sued three parties: (1) his employer under the Jones Act, (2) the other tugboat *in rem*, and (3) the other tugboat's owner *in personam* for unseaworthiness and negligence based on diversity jurisdiction. Id. The trial court dismissed the Jones Act claim, which left only the plaintiff's *in rem* action against the other tugboat and his *in personam* diversity action against its owner.  Id. at 846, 848.  The Fifth Circuit in a carefully reasoned opinion by Judge Minor Wisdom

affirmed the trial court's denial of a jury trial after the Jones Act claim was dismissed.  "The crux of Durden is that, after the court dismissed the plaintiff's Jones Act claim, the plaintiff's claims against the vessel *in rem* 'invoked the unique power of the admiralty court.'"  Webb v. Ensco Marine Co., 121 F. Supp. 2d 1049, 1052 (E.D. Tex. 2000) (quoting Durden, 803 F.2d at 849).  Thus, plaintiff's *in personam* diversity claims and his admiralty claims were properly tried to the bench.

This case differs from Durden in only one procedural respect: Here, after moving to intervene in this admiralty case on the day it was filed to claim "her separate right . . . and need for security by the arrest of the vessel M/V Alberta," and appearing at the hearing where the Court denied the defendants' Rule E(4)(f) motion and set security of $2.5 million for release of the M/V Alberta, Plaintiff later filed *in personam* claims against the vessels' owners under a separate cause number rather than adding these claims to her initial *in rem* suit in which she and her employer already had successfully availed themselves to the benefits of the Court's admiralty jurisdiction and the Supplemental Rules for Admiralty.  To make the circle complete, however, it was Plaintiff who then moved to consolidate the three cause numbers into this first-filed admiralty case, correctly reciting among other reasons that "the cases involve common parties, . . . common issues of fact, . . . [and] involve seizure proceedings and deals

[sic] with letter of undertaking filed under this case." Thus, the consolidated action awaiting trial is substantively the same as if Plaintiff had initially filed her *in personam* claims against the vessels' owners and managers in the original case brought *in rem* to seize the M/V Alberta.

When plaintiffs invoke the benefits of *in rem* jurisdiction, they give up, in exchange, their ability to try their case to a jury. Durden, 803 F.2d at 850; *see also* Miles v. M/V Hansa Caledonia, 245 F. Supp. 2d 1261, 1266, 1268 (S.D. Ga. 2002) (finding that "[c]hoosing to proceed in admiralty, then, accords [plaintiff] special admiralty procedures and remedies (vessel-arrest, garnishment, attachment, bond, other Supplemental Rule-based, equitable remedies), as well as a bench trial. . . . Because [Plaintiff] has already reaped the 'admiralty' advantages on his negligence claim . . . he cannot now invoke the "at law" side of this Court to obtain a jury trial on it."). This principle is well established in the Fifth Circuit. Plaintiff cannot circumvent the holding of Durden by filing *in personam* claims under a separate cause number and then moving to consolidate it with the *in rem* case for a single trial with a single factfinder.

The Court recognizes that the Ninth Circuit has taken a different view, which Plaintiff urges this Court to follow. *See* Ghotra v. Bandila Shipping, Inc., 113 F.3d 1050, 1056 (9th Cir. 1997). In Ghotra, the Ninth Circuit expressly disagreed with and

held contrary to the Fifth Circuit's precedent.  This Court does not have that option and declines to depart from Fifth Circuit caselaw.  The Court therefore finds that Plaintiff invoked admiralty jurisdiction with respect to her claims arising out of the one incident that is the subject of this consolidated action, and all claims in this consolidated action will therefore be tried to the bench.

As observed, this consolidated action in admiralty is based on one event, causing one set of injuries, to one victim.  Plaintiff Luera is the sole true plaintiff, and her employer Cooper/T.Smith Stevedoring Co., Inc. and its compensation carrier The American Equity Underwriters Inc. assert subrogation claims to make them whole.  The true Defendants are:  Samos Shipping Co., Ltd., *in personam;* White Dolphin Enterprises, Inc., under its restricted appearance made pursuant to Rule E(8) of the Supplemental Rules for Federal Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as registered owner of the M/V Alberta; and Reese Development, Inc., *in personam*, and under its restricted appearance made pursuant to Rule E(8) of the Supplemental Rules for Federal Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as registered owner of the M/V Voc Rose; and J. P. Samartzis Maritime Enterprises Co. S.A., *in personam*.

III.  <u>Order</u>

Accordingly, it is

ORDERED that Defendant Reese Development's Motion to Realign the Parties and Unify the Pleadings (Document No. 80) is GRANTED and the parties are realigned for trial as set forth in the last paragraph of Section II, above.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this  6th  day of January, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE