IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELINDA LUERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| and | § | |
| | § | |
| COOPER/T.SMITH STEVEDORING CO., | § | |
| INC. and THE AMERICAN EQUITY | § | |
| UNDERWRITERS, INC., on behalf | § | |
| of AMERICAN LONGSHORE | § | |
| MUTUAL ASSOCIATION, | § | |
| | § | |
| Intervenors, | § | |
| | § | CONSOLIDATED |
| v. | § | CIVIL ACTION NO. H-07-2698 |
| | § | |
| THE M/V ALBERTA, ITS ENGINES, | § | |
| TACKLE, APPAREL, EQUIPMENT, | § | |
| FURNITURE, ACCESSORIES, | § | |
| APPURTENANCES, ETC., *in rem*; | § | |
| THE M/V VOC ROSE, ITS ENGINES, | § | |
| TACKLE, APPAREL, EQUIPMENT, | § | |
| FURNITURE, ACCESSORIES, | § | |
| APPURTENANCES, ETC., *in rem*; | § | |
| SAMOS SHIPPING CO. LTD., *in* | § | |
| *personam*; REESE DEVELOPMENT, | § | |
| INC., *in personam*; WHITE | § | |
| DOLPHIN ENTERPRISES, INC., | § | |
| *in personam*; and J.P. | § | |
| SAMARTZIS MARITIME ENTERPRISES | § | |
| CO. S.A., *in personam*, | § | |
| | § | |
| Defendants. | § | |

ORDER CERTIFYING APPEAL UNDER 28 U.S.C. § 1292(b)

Pending is Defendants J.P. Samartzis Maritime Enterprises Co. S.A., Reese Development, Inc., Samos Shipping Co., Ltd., and White Dolphin Enterprises, Inc.'s (collectively, "Defendants") Motion to Certify Order for Interlocutory Appeal (Document No. 155) pursuant

to 28 U.S.C. § 1292(b), to which Plaintiff has filed her opposition. After careful consideration, the Court concludes the motion should be granted.

Defendants assert that interlocutory appeal is appropriate for the Fifth Circuit essentially to clarify two issues:

(1) Whether a non-Jones Act plaintiff who asserts a claim against a vessel *in rem* and a claim against the vessel's owner *in personam* based on diversity jurisdiction, has made a Rule 9(h) election to proceed in admiralty on all claims; and/or

(2) Whether a plaintiff who invoked and obtained the benefit available exclusively in admiralty against vessels *in rem*, may obtain a jury trial on those *in rem* claims by consolidating those claims with *in personam* claims against the vessel's owner based solely on diversity.[1]

Section 1292(b) authorizes a district court to certify an order for immediate appellate review when the order: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). First, the determination of whether Plaintiff is entitled to a jury trial involves a controlling question of law.[2] Second, there are substantial

---

[1] Document No. 155 at 2.

[2] *See, e.g.*, Lehman v. Nakshian, 101 S. Ct. 2698 (1981) (question regarding whether ADEA allows jury trial in suit against the federal government was certified for interlocutory appeal after the district court found that the ADEA does allow jury trials);

grounds for difference of opinion regarding whether Fifth Circuit precedent allows for jury trial when *in rem* claims are brought with *in personam* claims based solely on diversity. The undersigned judge has been conflicted in his own conclusions after careful study of the authorities and the opposing parties' able written and oral submissions. In an 11-page Memorandum and Order dated January 6, 2009, the Court at first determined that Melinda Luera ("Plaintiff") had elected to proceed in admiralty without a jury for her *in personam* diversity claims and her *in rem* claims, based upon Durden v. Exxon Corp., 803 F.2d 845, 850 (5th Cir. 1986), authored by Judge John Minor Wisdom. Then on reconsideration, this Court in a 17-page Memorandum and Order concluded that Durden is factually distinguishable from this case, but nonetheless recognized that various authorities support the interpretation that Durden bars jury trials in cases joining *in rem* claims and *in personam* diversity claims.[3] Indeed, the primary case upon which

---

E.E.O.C. v. Brown & Root, Inc., 725 F.2d 348 (5th Cir. 1984) (question regarding whether the ADEA contained a statutory right to jury trial was certified for appeal after the district court struck the plaintiff's jury demand); Cotton v. Witco Chem. Corp., 651 F.2d 274 (5th Cir. 1981) (question regarding whether the Seventh Amendment right to jury trial contained a "complexity exception" was certified for interlocutory appeal after the district court struck the plaintiff's jury demand).

[3] *See* Ghotra by Ghotra v. Bandila Shipping, Inc., 113 F.3d 1050, 1057 (9th Cir. 1997) ("[T]he Fifth Circuit has steadfastly restricted the use of a jury trial on claims brought under diversity jurisdiction where combined with *in rem* admiralty claims." (discussing Durden)); Webb v. Ensco Marine Co., 121 F. Supp. 2d 1049, 1052 (E.D. Tex. 2000) ("The crux of Durden is that,

Plaintiff relies for her argument that she is entitled to a jury trial--<u>Ghotra</u>--read Fifth Circuit precedent as barring jury trials under these facts.[4]  Third, the Court finds that immediate appellate review will advance the termination of this litigation because it will minimize the risk of retrial if the Court shall have erred in allowing Plaintiff a jury trial on all issues in the consolidated action.  Moreover, both district courts and litigants in the Fifth Circuit will benefit from a clarification of <u>Durden's</u> precedential effect, if any, and how correctly to apply both the Seventh Amendment and FED. R. CIV. P. 9(h) when a non-Jones Act plaintiff files (or as here, intervenes as a plaintiff) in an action in admiralty alleging both *in rem* claims to perfect security in vessels and *in personam* claims against the vessels' owners, and

---

after the court dismissed the plaintiff's Jones Act claim, the plaintiff's claim against the vessel *in rem* 'invok[ed] the unique power of the admiralty court.'"); *see also* <u>Hamilton v. Unicoolship, Ltd.</u>, No. 99 CIV 8791, 2002 WL 44139, at *3 (S.D.N.Y. Jan. 11, 2002) ("The Fifth Circuit has not allowed jury trials on claims brought under diversity jurisdiction combined with *in rem* admiralty claims." (citing <u>Durden</u>)); Loren Armstrong, *Holy Moses,* Ghotra! In Rem-*embrace of Admiralty's Bench Trial*, 14 U.S.F. MAR. L.J. 77, 106-08 (2001) (interpreting <u>Durden</u> and noting that "[a]t the appellate level, the Fifth Circuit has yet to allow a jury to decide an *in rem* claim . . . ."); Steven F. Friedell, *When Worlds Collide: The* In Rem *Jury and Other Marvels of Modern Admiralty*, J. MAR. L. & COM. 143 (2004) ("[The Fifth Circuit] has held that a plaintiff who sues a vessel *in rem* and its owner *in personam* is not entitled to a jury even if he alleges diversity jurisdiction in addition to admiralty jurisdiction.").

[4] *See* <u>Ghotra</u>, 113 F.3d at 1057 (discussing Fifth Circuit precedent).

later files and successfully moves to consolidate a separate *in personam* diversity action.

Accordingly, the Court finds that the issues adjudged in the Memorandum and Order June 24, 2009 (Document No. 154), present controlling questions of law about which there is substantial ground for difference of opinion and that an immediate appeal from the foregoing Order will materially advance the ultimate termination of this litigation. The Court therefore GRANTS Defendants' Motion to Certify Order for Interlocutory Appeal (Document No. 155) and certifies this matter for appeal under 28 U.S.C. § 1292(b). If Defendants apply to the United States Court of Appeals for the Fifth Circuit for such an appeal within ten days of entry of this Order, then further proceedings in this action are STAYED pending a final ruling by the Court of Appeals.

It is SO ORDERED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 6TH day of August, 2009.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE